UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | |
| KAREEM MCKINNON | NO.: 15-00172-BAJ-EWD |

## RULING AND ORDER

On February 8, 2015, Defendant Kareem McKinnon ("McKinnon") was pulled over for crossing the fog line in violation of LA. STAT. ANN. § 32:79. *See* Doc. 27 at 15:25—16:5, 46:4—16. He later, while detained, voluntarily confessed to, at a minimum, being involved in the drug conspiracy for which he is now charged. *See* Doc. 1. "All the dope is mine," he said. Doc. 27 at 65:19. "Whatever you found was mine. It's all mine." *Id.* at 65:19—20.

McKinnon now moves to suppress that statement on three grounds. First, he argues that he was coerced into making the statement by one of his alleged co-conspirators. That argument is foreclosed by *Colorado v. Connelly*, 479 U.S. 157, 170 (1986), wherein the Court held that the alleged coercion of a non-state actor is not a matter of constitutional concern.

Second, McKinnon argues that the statement should "be suppressed because it was the fruit of an illegal stop." *See* Doc. 46 at p. 2. More specifically, McKinnon argues that crossing the fog line is not per se traffic violation so long as the driver stays "as nearly as practicable . . . within a single lane" and does not move from that

lane until he first ascertains "that such movement can be made with safety." LA. STAT. ANN. § 32:79. This argument is also unavailing, as it has already been rejected by both the Fifth Circuit, *United States v. Wilkerson*, 405 F. App'x 893, 895 (5th Cir. 2010), and this Court, *United States v. Martinez-Alvarez*,[1] No. CRIM.A. 12-00061-JJB, 2012 WL 4863212, at **2—3 (M.D. La. Oct. 12, 2012).

Third, McKinnon argues that he did not cross the fog line. Doc. 27 at 106:5—12. The officer that executed the stop claims to be "100 percent" certain that he did. *Id.* at 15:25—16:3. The Court is therefore called upon to make a credibility determination as the finder of fact. *United States v. Turner*, 628 F.2d 461, 465 (5th Cir. 1980).

Accordingly, the Court finds that the officer's testimony, with respect to this issue, is more credible than McKinnon's, given that only the officer was in a position to witness the underlying traffic violation.[2] It is, put simply, hard to imagine how any driver could know where his or her tires are at all times. Drivers generally look forward, not downward. That is why most drivers do not realize that they have crossed the fog line until they are shaken by the rumble strips.

---

[1] The Court notes, however, that *Martinez-Alvarez*'s dependence on *Wilkerson* is somewhat misplaced. The driver in *Wilkerson* effectively conceded that he crossed the fog line. 405 F. App'x 893. The driver in *Martinez-Alvarez* did not. 2012 WL 4863212 at *2.

[2] The Court, of course, recognizes that it need not find that McKinnon violated LA. STAT. ANN. § 32:79 in order to find that there was reasonable suspicion for the stop. *United States v. Pena*, 227 F. App'x 324, 326 (5th Cir. 2007). However, the credibility of the officer is directly relevant where, as here, McKinnon not only contests the officer's interpretation of Louisiana's traffic laws, but also contests whether the officer actually witnessed what he alleges to have witnessed on the night in question.

**IT IS ORDERED** that McKinnon's **Motion to Suppress Statement (Doc. 16)** is **DENIED**.

Baton Rouge, Louisiana, this 17th day of June, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**